UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES GOMEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID P. COMO DBA NAPA VALLEY REAL AND VINEYARDS,<br><br>　　　　Defendant. | Case No. 21-cv-09574-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 15 |

## I.　INTRODUCTION

Plaintiff Andres Gomez is legally blind and cannot use a computer without assistance of screen-reader software ("SRS"). Gomez brought this suit under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act") against David Como, a real estate agent, allegedly doing business as Napa Valley Real Estate and Vineyards. Gomez alleges he was unable to use SRS to navigate a website owned and operated by Como.

Como moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting facial and factual attacks on Gomez's standing. Docket No. 15 ("MTD"). Gomez's complaint fails to plead a nexus between the website and a physical place of public accommodation, and thus has failed to establish an injury under the ADA. The lack of an injury-in-fact means Gomez has not established standing, and the motion to dismiss is therefore granted.

This matter is suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b). The hearing on April 14, 2022 is **VACATED**.

## II.　FACTUAL BACKGROUND

Como is a real estate agent in Napa County, California. Gomez alleges he visited Como's

website, https://www.davidcomo.com/, in March 2021 and July 2021 while seeking to obtain information about houses for sale in Northern California. Docket No. 1 ("Compl.") ¶¶ 4, 17. He alleges he could not successfully navigate the website using SRS because "[i]mages on the website lack a text equivalent readable by SRS" and "[t]he visualization of the webpage contains impermissibly low contrast enabling differentiation of background and foreground elements[,]" among other issues. Compl. ¶ 18. Gomez does not allege that he sought to visit a physical location, or specify a place of public accommodation where Como provides services to the public.

### III.     LEGAL STANDARD

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* The party asserting federal subject matter jurisdiction has the burden of proving the existence of jurisdiction. *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Standing is a requirement for federal court jurisdiction. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 337-38 (2016). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* at 338. Standing for an ADA claim has additional nuances, which are connected to what a plaintiff must show to prevail on the merits of an ADA claim. "To prevail on a discrimination claim under Title III [of the ADA], a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010) (discussing 42 U.S.C. § 12182(a)). The Ninth Circuit has stated that a plaintiff in an ADA case may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939,

944 (9th Cir. 2011).

For the provisions of the ADA to apply to a website, the Ninth Circuit requires a "nexus" between the website and a physical location. *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019). "[A] plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim." *Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021 WL 148237, at *5 (N.D. Cal. Jan. 15, 2021).

### IV.      ANALYSIS

A.      ADA Claim

Como presents both facial and factual attacks on jurisdiction. The facial attack is premised as follows: Gomez has failed to allege a nexus between the website and a physical place of public accommodation and thus has not demonstrated an injury-in-fact under the ADA, defeating standing. For the reasons explained below, Como's facial attack succeeds, and thus it is unnecessary to address any factual attack on jurisdiction.[1]

In cases in which district courts have held that a plaintiff has adequately pled facts to establish standing to pursue an ADA claim about website accessibility, the plaintiff has alleged that the website has prevented the plaintiff from accessing information related to the physical location associated with the website. *See Williams v. Amazon.com Inc.*, No. 2:20-cv-513-TLN-JDP, 2020 WL 5909060, at *1 (E.D. Cal. Oct. 6, 2020) (explaining plaintiff alleged he was "deterred from visiting defendant's physical stores because he is unable to use defendant's website to locate the stores and obtain their hours of operation"); *Haggar v. Ashley Furniture Indus., Inc.*, 2019 WL 8886026, at *3 (C.D. Cal. Dec. 12, 2019) (explaining plaintiffs alleged "they tried to use Defendant's website to locate physical stores, and order furniture and other products available at

---

[1] Como appears to present two factual attack on jurisdictions. The first is predicated on deposition testimony Gomez gave in another case, in which he stated he was unemployed. Como argues this testimony indicates he could not have genuinely intended to avail himself of Como's real estate services, since he sells luxury homes. Docket No. 16 ("Como Decl.") ¶ 5. Como second concerns an argument that Como's office is not a place of public accommodation, and Smith provides a declaration stating that she does not use her office to conduct meetings with members of the public. *See generally id.* It is unnecessary to address these factual attacks on jurisdiction, given that the motion to dismiss is granted because Gomez has failed to plead a nexus between the website and a physical place of accommodation. Gomez has not even pled that he was deterred from visiting the office, or any other specific nexus to a physical location.

3

Defendant's physical locations"); *Reed v. CVS Pharmacy, Inc.*, No. CV 17-3877-MWF, 2017 WL 4457508, at *1 (C.D. Cal. Oct. 3, 2017) (noting plaintiff alleged she "was unable to use the 'find a location' page on the CVS website" and "was unable to ascertain what products CVS offered for sale on the mobile app due to numerous unlabeled buttons" which "thus impeded [her] from full and equal enjoyment of the goods and services offered at CVS's physical locations"). In contrast, when the plaintiff fails to allege a nexus between the website and a physical location, courts have held that a plaintiff has not established an injury under the ADA, and thus lacks standing. *See Langer*, 2021 WL 148237, at *5; *Thurston v. FCA US LLC*, No. EDCV 17–2183–JFW, 2018 WL 700939, at *3 (C.D. Cal. Jan. 26, 2018); *Gomez v. Smith*, No. 21-cv-7154-RS, Docket No. 23 (N.D. Cal. January 12, 2022). This case falls under the latter category.

In *Langer v. Pep Boys Manny Moe & Jack of California*, the court explained that the plaintiff did "not allege that he intended to visit a Pep Boys' location and could not because the website was inaccessible," nor did the plaintiff "represent that he was trying to use the website to order goods or services from Pep Boys' physical location." 2021 WL 148237, at *6. Instead, the plaintiff "merely suggest[ed] that the website's videos are themselves a service that he was prevented from accessing." *Id.* Similarly, Gomez states in his complaint in this case that he "visited the Website . . . with the intent get information about houses on sale in Northern California." Compl. ¶ 17. He alleges he "has been deterred from returning to the Website as a result of these prior experiences" using the website. *Id.* ¶ 24. He has not, however, explained how he was deterred from utilizing services or obtaining goods at physical places of public accommodation.

As Como's business is real estate, the business of physical property, there is a tangential connection to physical locations in this case; Gomez arguably may have even sought to learn information about a physical location, such as a home for sale, in visiting Como's website. Caselaw interpreting the application of the ADA to websites, though, requires more than a tangential connection to a physical location. Instead, the Ninth Circuit requires a nexus between the plaintiff's visit to the website *and a place of public accommodation*, not just *any* physical location of some other place tangentially related. *See Robles*, 913 F.3d at 905 ("The alleged

4

1    inaccessibility of Domino's website and app impedes access to the goods and services of its
2    physical pizza franchises—which are places of public accommodation.  *See* 42 U.S.C. §
3    12181(7)(B) (listing a restaurant as a covered 'public accommodation').");  *Weyer v. Twentieth*
4    *Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000) ("Title III provides an extensive list
5    of 'public accommodations' in § 12181(7), including such a wide variety of things as an inn, a
6    restaurant, a theater, an auditorium, a bakery, a laundromat, a depot, a museum, a zoo, a nursery, a
7    day care center, and a gymnasium.  All the items on this list, however, have something in
8    common.  They are actual, physical places where goods or services are open to the public, and
9    places where the public gets those goods or services.  The principle of *noscitur a sociis* requires
10   that the term, 'place of public accommodation,' be interpreted within the context of the
11   accompanying words, and this context suggests that some connection between the good or service
12   complained of and an actual physical place is required.");  *see also Earll v. eBay, Inc.*, 599 F.
13   App'x 695, 696 (9th Cir. 2015) ("We have previously interpreted the term 'place of public
14   accommodation' to require 'some connection between the good or service complained of and an
15   actual physical place.'  Because eBay's services are not connected to any 'actual, physical
16   place [ ],' eBay is not subject to the ADA.  Therefore, in light of *Weyer*, Earll's ADA claim fails
17   as a matter of law.") (internal citations omitted);  *Cullen v. Netflix, Inc.*, 600 F. App'x 508, 509 (9th
18   Cir. 2015) (same).  In short, to establish standing under the ADA for a website inaccessibility
19   claim, the Ninth Circuit requires a plaintiff to allege that the alleged deficiencies in the website
20   have the effect of rendering inaccessible a physical place of public accommodation.
21          Here, Gomez offers only conclusory statements in his complaint, stating that "[t]he
22   Website is a nexus between Real Estate's customers and the terrestrial based privileges, goods or
23   services offered by Real Estate" and that "Real Estate operates privileges, goods or services out of
24   a physical location in California.  These services are open to the public, places of public
25   accommodation, and business establishments."  Compl. ¶¶ 12-13. Gomez, though, fails to describe
26   what that nexus is or even what the relevant physical place of public accommodation is.  Gomez
27   does not allege any facts in support of his assertion that Defendant operates "out of a physical
28   location in California," nor facts sufficient to infer that such a location is open to the public as a

place of public accommodation.² Thus, Gomez has failed to plead an injury under the ADA. As Gomez cannot establish an injury under the ADA, he lacks standing, and the motion to dismiss under Rule 12(b)(1) is granted.

B. <u>Unruh Act Claim</u>

Como also motions for dismissal of Gomez's Unruh Act claim, a California state law claim. There is no basis for jurisdiction over the state law Unruh Act claim other than supplemental jurisdiction, and Gomez does not argue that this Court should retain jurisdiction of the Unruh Act claim should the ADA claim be dismissed. The Unruh Act claim is thus dismissed without prejudice. *See Oliver v. Ralph's Grocery Co.,* 654 F.3d 903, 911 (9th Cir. 2011) (district court did not abuse its discretion by declining supplemental jurisdiction over state law claims pursuant to § 1367(c)(3) when ADA claims had been dismissed); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir.) (explaining state law claims should generally be dismissed "if federal claims are dismissed before trial").

## V. CONCLUSION

The Court **GRANTS** Como's motion to dismiss the complaint. Docket No. 15. Although it is unclear whether Gomez's standing issues can be cured, Gomez is granted leave to amend. Plaintiff amended complaint must be filed within twenty-one (21) days from the date of this order.

This order disposes of Docket No. 15.

**IT IS SO ORDERED**.

Dated: April 11, 2022

_____
EDWARD M. CHEN
United States District Judge

---

² Even if Gomez were to also imply a nexus to a home for sale (which he does not), that would not be enough. There are no allegations of fact sufficient to infer that a website listing of a private home for sale is a listing for "a place of public accommodation" within the meaning of the ADA. *Cf.* 42 U.S.C. § 12181(7).